IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARREL L. CLAY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Crim.No. 82-00003-03-CN-W-NKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

ORDER

Pending before the Court is Movant Darrel Lester Clay's ("Clay") Motion to Correct Sentence [Doc. # 47]. For the reasons set forth below, the Motion will be denied.

**I.  Background**

The parties do not dispute the relevant background.

In 1982, Clay was convicted in a two count indictment for violations of 18 U.S.C. §§ 2113(a) and(d)(2); and 18 U.S.C. §§ 2312 and 2, both counts related to bank robbery. Under Count 1, Clay was given a sentence of twenty-five (25) years in accordance with 18 U.S.C. § 4205(a). The Eighth Circuit affirmed Clay's conviction in *United States v. Mansaw*, 714 F.2d 785 (8th Cir. 1983), in which no sentencing issues were raised on appeal. Clay contends that this sentence is illegal because his co-defendants were

1

sentenced to 20 years' imprisonment and the trial judge "found facts at sentencing that implied a leadership role not reflected in the [jury's] verdict." (Doc. 47, 2).

## II. Discussion

Citing Fed. R. Crim. P. 35 and *United States v. Blue Mountain Bottling Co. of Walla Walla*, 929 F.2d 526, 529 (9th Cir. 1991), Clay contends that the sentence was a miscarriage of justice and was in excess of the court's authority. Clay requests that the Court vacate his 25-year sentence and remand for resentencing.

Clay does not allege that his sentence was in excess of that prescribed by the relevant statute, nor does he argue that the sentence is constitutionally invalid - e.g., that he received a greater sentence on the basis of an unconstitutionally impermissible basis like his race or religion. The Government speculates that Clay's argument that the sentence enhancement for a leadership role was not authorized by the jury verdict may be an attempt to raise a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). However, the Government also correctly notes that Clay was not sentenced to the mandatory Sentencing Guidelines, enacted pursuant to the Sentencing Reform Act of 1984. Clay's indictment and the criminal conduct predated the mandatory Sentencing Guidelines, and therefore the sentence he received was entirely at the discretion of the district court. Clay's argument, therefore, is that the district court abused its discretion in handing down a greater sentence than his co-defendants' for his leadership role.

Certainly, Clay's motion cannot stand under Fed. R. Crim. P. 35, which permits correction within seven days of sentencing for clerical errors, or *United States v. Blue Mountain Bottling Co. of Walla Walla*, 929 F.2d 526, 529 (9th Cir. 1991), which considered the proper recipient of monetary penalties assessed against defendants convicted of anti-trust violations. Clay's argument presented here does not constitute a valid claim of an illegal or unconstitutional sentence.

**III.   Conclusion**

Accordingly, Clay's Motion to Correct Sentence [Doc. # 47] is DENIED.

IT IS SO ORDERED.

                                                       s/ Nanette K. Laughrey
                                                     NANETTE K. LAUGHREY
                                                     United States District Judge

Dated:  May 6, 2008
Jefferson City, Missouri